# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT

**FEB 1 8 2025**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| **TODD MACALUSO,** *Petitioner* | ) |
| | ) |
| v. | )    Case Number: 2:25-cv-01589-SPG-AS |
| | ) |
| **WARDEN, FCI LOMPOC II** | ) |
| | ) |
| *Respondent* | ) |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a) Your full name:   Todd Macaluso

     (b) Other names you have used:

2.    Place of confinement:

     (a) Name of institution:   FCI Lompoc II

     (b) Address:    3901 Klein Boulevard

            Lompoc CA 93436

     (c) Your identification number:   44470-298

3.    Are you currently being held on orders by:

     ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.    Are you currently:

     ☐ A pretrial detainee (waiting for trial on criminal charges)

     ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

     If you are currently serving a sentence, provide:

         (a) Name and location of court that sentenced    U.S. District Court for Eastern District of New York

                                                     225 Cadman Plaza East, Brooklyn NY 11201

         (b) Docket number of criminal case:    1:16-CR-609-ILG-2

         (c) Date of sentencing:    June 7, 2018

     ☐ Being held on an immigration charge

     ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:

     ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☒ Disciplinary proceedings

☐ Other *(explain)*:

6.  Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court:   Federal Bureau of Prisons, Lompoc CA

    (b) Docket number, case number, or opinion number:   Incident report 1183839

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:   Disciplinary proceeding resulting in a loss of good conduct time otherwise awarded under 18 U.S.C. § 3624(b).

    (d) Date of the decision or action:   June 14, 2023

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy? ☒ Yes        ☐ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:   Office of Regional Counsel, Western Regional Office, Federal Bureau of Prisons

        (2) Date of filing:   about November 1, 2023

        (3) Docket number, case number, or opinion number:   Appeal 1183839-R1

        (4) Result:   Regional Counsel denied the appeal.

        (5) Date of result:   January 10, 2024

        (6) Issues raised:

        Decision not supported by any evidence. The incident report had been amended to correctly reflect that I had provided a urine sample within the allotted time period, and the urine tested negative for the presence of drugs. The DHO had failed to obtain the drug test results as I requested be done.

    (b) If you answered "No," explain why you did not

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐  No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:   Office of General Counsel, Central Office, Federal Bureau of Prisons

    (2) Date of filing:     January 30, 2024

    (3) Docket number, case number, or opinion number:     Appeal 1183839

    (4) Result:    Denied

    (5) Date of result:   April 1, 2024

    (6) Issues raised:

Decision not supported by any evidence.  The incident report had been amended to correctly reflect that I had provided a urine sample within the allotted time period, and the urine tested negative for the presence of drugs. The DHO had failed to obtain the drug test results as I requested be done.

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☒  No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:   Only two levels of administrative appeal prior to bring the instant *habeas corpus* action.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes          ☒ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❒ Yes                    ❒ No

    If "Yes," provide:

    (1)  Name of court: _____

    (2)  Case number: _____

    (3)  Date of filing: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

    ❒ Yes                    ☒ No

    If "Yes," provide:

    (1)  Name of court: _____

    (2)  Case number: _____

    (3)  Date of filing: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:   This filing does not challenge my conviction or sentence.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☒ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: _____

(b)   Date of the removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

(d)   Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** The DHO hearing officer's decision was not supported by reliable evidence, thus violating my right to procedural due process.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
*See* Memorandum in Support

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes          ☐ No

**GROUND TWO**:  The DHO's refusal to obtain evidence that I requested and that was within the BOP's exclusive control violated my right to procedural due process

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

*See* Memorandum in Support

(b)  Did you present Ground Two in all appeals that were available to you?

☒ Yes                          ☐  No

**GROUND THREE**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes                          ☐  No

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes                    ☐   No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not:

## Request for Relief

15. State exactly what you want the court to do:    Restore all lost good-conduct time, and direct the Federal Bureau of
Prisons to expunge the underlying incident report from my record.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Not applicable - being mailed to Court from outside the institution in order to transmit the fee.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    May 21, 2024

*Signature of Petitioner*

13 Feb 2025

Dear Clerk of Court,

This is now the fourth time that I have tried to file this 2241. If the matter is not filed and docketed in 7 days I am filing a complaint with the Chief Judge of this district and the National Clerk's office in Washington, D.C.

Regards,

Todd Macaluso

1  Todd E. Macaluso
   Reg. No. 44470-298
2  FCI Lompoc II
   3901 Klein Boulevard
3  Lompoc, California 93436

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

9  TODD MACALUSO,                    )    Case No. _____
                                     )
10            Petitioner,            )
                                     )
11 -vs-                              )
                                     )
12 WARDEN, FCI LOMPOC II,            )
                                     )
13            Respondent.            )
                                     )
14

15

16         PETITIONER'S MEMORANDUM IN SUPPORT

17

18     I, Todd Macaluso, Petitioner herein, proceeding *pro se*,

19 herewith file this *Memorandum in Support* of my petition to this

20 Court to issue a writ of *habeas corpus* to Respondent Warden, FCI

21 Lompoc II. I seek issuance of the writ to command Respondent to

22 appear and show by what right I have been deprived of good

23 conduct time. This petition is brought pursuant to 28 U.S.C. §

24 2241.

25

26

27

28

                                1

*History*

1.   At all times material to this *Motion,* I was in the
custody of the Bureau of Prisons, Lompoc, California in a low-
security facility. My security level was "low" and my custody
level was "IN."

2.   At 10:02 a.m. on October 16, 2024, I was called to the
lieutenant's office to provide a urine sample. Initially, I was
unable to produce a urine sample. The correctional officer
overseeing the test left, but as required by protocol, I
remained with a two-hour clock running for me to provide a
sample.

3.   At 12:00 p.m., I was again asked to provide a urine
sample. I did so within about 15 minutes. That sample, labeled
by the Bureau of Prisons as Drug Test 3010005892622, was tested
by the BOP.  No improper drugs or substances were detected.

4.   I was provided an extension of the two-hour time
period, a discretionary decision of the BOP officer in charge
permitted by the rules.  I produced the urine within that time
period.

5.   I received an incident report alleging that I had
committed Prohibited Act 110, which is "[r]efusing to provide a
urine sample; refusing to breathe into a Breathalyzer; refusing
to take part in other drug-abuse testing." Evidence that I was
given an extended period of time in which to provide a urine

sample, that I did so, and that the sample tested negative for improper substances, is evidence solely and peculiarly in the control of the BOP.

6.    At the DHO hearing, I urged the DHO Officer to obtain that evidence from the agency, but he found me guilty of the infraction.

7.    On appeal to the Regional Office, the BOP admitted that I had received an extension of time to provide a sample but found that the DHO's decision was "reasonable and supported by the evidence." Program Statement 6060.08, *Urine Surveillance and Narcotic Identification* (March 8, 2001) at p.4, § 9,[1] permits an inmate to provide a urine sample after the initial two-hour period where justified:

> Ordinarily, an inmate is expected to provide a
> urine sample within two hours of the request, but
> the Captain (or Lieutenant) may extend the time
> if warranted by specific situations (for example,
> the inmate has a documented medical or
> psychological problem, is dehydrated, etc.).

*See Fawcett v. Doerer*, Case No. 2:23-cv-06625 (C.D. Cal. May 3, 2024), 2024 U.S. Dist. LEXIS 108401, at *11.

8.    On appeal to the Central Office, I noted the incident report that formed the basis for the Prohibited Act had been

---

[1]    Found at https://www.bop.gov/policy/progstat/6060_008.pdf (last accessed May 20, 2024).

rewritten to correctly state that I did provide a sample. I again urged the Central Office to obtain a copy of the drug test information that the BOP maintains (but I do not possess) to verify that I did provide the sample in a timely manner and that the sample tested negative. The Central Office refused to do so, instead rubber-stamping the DHO findings.

### *Exhaustion of Remedies*

9.   I exhausted my administrative remedies through filing a BP-10 with the Regional Director of the Western Region. I received a response denying my appeal on January 27, 2024.

10.  On January 31, 2024, I filed an appeal with the Bureau of Prisons Central Office. The Central Office denied my appeal.

11.  Administrative exhaustion requirements protect administrative agency authority, "giving agencies an opportunity to correct their own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Second, exhaustion promotes efficiency, because claims generally can be resolved more economically and quickly before an agency than a federal court. *Id.* "Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." *Id.* at 548 U.S. 90.

12.  I fully exhausted my appeal obligations.

4

*Argument*

13. **The Law:** BOP regulations provide that whether an inmate committed a prohibited act and the nature of any punishment for such a commission will be reviewed by a Unit Disciplinary Committee (UDC) unless the seriousness of the offense requires that it be referred to a Discipline Hearing Officer (DHO) for further review. 28 CFR §§ 541.7 and .8

14. At a DHO hearing, an inmate is entitled, *inter alia,* to

- make a statement and present documentary evidence to the DHO. Witnesses may appear at the DHO's hearing… [if they] have information directly relevant to the charge(s) and… are reasonably available.' 28 CFR § 541.08(f) and (f)(2);

- request witnesses appear at the hearing to testify on [the inmate's] behalf. [An inmate's] requested witnesses may not appear if, in the DHO's discretion, they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence. 28 CFR § 541.08(f)(3);

- receive a written copy of the DHO's decision following the hearing documenting whether the inmate was advised of his rights during the DHO process; the evidence relied on by the DHO; the DHO's decision; the sanction imposed by the DHO; and the reason(s) for the sanction(s) imposed. 28 CFR § 541.08(h).

After the hearing, an inmate has the right to appeal. 28 CFR § 541.08(h).

15. The Due Process Clause of the Fifth Amendment protects prisoners from being deprived of liberty without due process of

law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  A federal

prisoner has a liberty interest in good time credits and may

therefore only be deprived of those credits if afforded

procedural due process. *Lane v. Salazar*, 911 F.3d 942, 950-51

(9th Cir. 2018), citing *Bostic v. Carlson*, 884 F.2d 1267, 1269

(9th Cir. 1989), *overruled on other grounds by Nettles v.*

*Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (*en banc*).

16.  At minimum, due process requires that the BOP adhere

to the *Accardi* principle, that "when an agency adopts

regulations pursuant to proper statutory delegation that specify

the procedures that shall be followed in matters before the

agency, the agency must follow its own procedures." *United*

*States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954);

*see also A.S.M. v. Warden*, 467 F.Supp.3d 1341, 1352 (M.D. Ga.

2020) ("At its core, *Accardi* involved procedural due process);

*Wilkinson v. Legal Services Corp.,* 27 F. Supp. 2d 32, 59 (D.D.C.

1998) ("[T]he rule-of-law aspect of the *Accardi* doctrine can be

explained only as a reflection of Due Process jurisprudence").

17.  My right to adduce evidence in my own defense "must

generally include the ability to obtain the documentary evidence

in the first place. *Melnik v. Dzurenda*, 14 F.4th 981, 983 (9th

Cir. 2021), citing *Wolff, supra* at 418 U.S. 566. *See also*

*Dakessian v. Hartley*, Case No. 3:12-cv-00686 (E.D. Cal. June 6,

2012), 2012 U.S. Dist. LEXIS 78701, at *13 (Petitioner had a

right to call witnesses and present documentary evidence if it would not be unduly hazardous to institutional safety or correctional goals," *citing Wolff, supra* at 418 U.S. 563-64.

18. Similarly, I am to be able to respond to evidence presented against me "as a general proposition [I] should be allowed to know what it is and to examine it, unless there is reason to the contrary." *Melnik, supra.*

19. Disciplinary findings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board. *Cato v. Rushen*, 824 F.2d 703, 704 (9th Cir. 1987) (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The evidence must have some indicium of reliability. *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002). "Some evidence" that is fantastical or directly rebutted by exculpatory evidence is essentially no evidence at all. *Gaston v. Coughlin*, 249 F.3d 156, 163 (2d Cir. 2001) ("The 'some evidence' standard is met where the only evidence was supplied by a confidential informant as long as there has been some examination of indicia relevant to [the informant's] credibility.") (internal quotation marks omitted); *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996) (holding that the "some evidence" standard was not satisfied when the toxicology report showing drug use contained the wrong inmate

identification number and another inmate in the same facility
had the same name). If a determination contrary to an inmate's
liberty interest "is to satisfy due process, there must be some
reliable evidence to support the decision." *Rosas v. Nielsen,*
428 F.3d 1229, 1232 (9th Cir. 2005). *McQuillion, supra* at 306
F.3d 902.

20. As the Supreme Court observed in *Hill, supra* at 472
U.S. 455, the "some evidence" standard does not impose a
rigorous level of due process review:

> This standard is met if there was some evidence from
> which the conclusion of the administrative tribunal
> could be deduced. Ascertaining whether this standard
> is satisfied does not require examination of the
> entire record, independent assessment of the
> credibility of witnesses, or weighing of the evidence.
> Instead, the relevant question is whether there is any
> evidence in the record that could support the
> conclusion reached by the disciplinary board.

*Id.* at 472 U.S. at 455-56 (emphasis added, cleaned up). *See also*
*id.* at 472 U.S. 455 (requiring a "modicum of evidence"); and *id.*
at 472 U.S. 457 ("The record is not so devoid of evidence that
the findings of the disciplinary board were without support or
otherwise arbitrary").

21. Nevertheless, the "some evidence" standard requires
some "reliable evidence." *Sira v. Morton,* 380 F.3d 57, 69 (2nd
Cir. 2004), *Zimmerlee v. Keeney,* 831 F.2d 183, 186-87 (9th Cir.
1987)(reliability of evidence where unnamed informant's
allegations are used).

**Ground 1**: The DHO hearing officer's decision was
not supported by reliable evidence,
thus denying my right to procedural due
process.

22. The DHO lacked even the corrected incident report, let alone any evidence (other than the incorrect incident report) that (1) I failed to provide a urine sample within the allotted period; (2) the responsible officer granted me an extension to provide a sample; (3) that I provided a sample within the extended period; and (4) the sample was tested and found to contain no improper substances.

23. The supreme irony is that all of the evidence exonerating me, prior to, during and after my DHO was in the possession of the very agency that was prosecuting a Prohibited Act case against me on grounds that were completely refuted by evidence in its possession, evidence that belonged to it and was being withheld from me. I am entitled to have "the trier of fact consider[] all relevant evidence in reaching a conclusion as to guilt or innocence." *Rice v. McBride,* 967 F.Supp. 1097, 1103 (N.D.Ind. 1997), *citing Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981). The lack of any reliable evidence supporting the incident report's claim violated my due process to be sanctioned only based on a decision anchored to reliable evidence.

24.    Inasmuch as the BOP stripped me of good conduct time earned under 18 U.S.C. § 3624(b), I have established that the DHO hearing's decision implicated my protected liberty interest (*Lane, supra*) and that I was denied my due process right to a decision based on reliable evidence (*Wolff, supra*).

**Ground 2:**    The DHO's refusal to obtain evidence that I requested and that was within the BOP's exclusive control violated my right to procedural due process

25.    Throughout this proceeding, I labored under the misimpression that the DHO's interest was determining whether a Prohibited Act occurred and, if so, the severity of the act. Leaving alone the very idea that a 62-year-old man might have difficulty providing a urine sample without prior knowledge that one would be required should be weighed in determining whether earned good conduct time should be taken from him, the plain fact is that at all times relevant to this matter, the BOP possessed evidence that

- I was given an extension of the 2-hour period to provide a urine sample;
- I provided a usable sample prior to the end of the extended period;
- The sample I provided was negative, showing that I had not consumed any prohibited substance.

But - try though I did to convince the DHO, then the Regional Director, and then the BOP General Counsel to have BOP personnel

whom I identified in writing as possessing the evidence actually
turn it over - no one, not the DHO and not anyone at an agency
appeal stage, examined that evidence.

26.    That my due process right to have the agency produce
evidence is incontrovertible. *Melnik, supra*, citing *Wolff,
supra*. This applies with even more force where the evidence is
solely in the control of the opposing party (the BOP) *and* the
opposing party controls the hearing officer who is charged with
upholding the opposing party's position or my position.

27.    Especially considering the uneven investigative,
litigation and bargaining power of the respective parties in a
DHO proceeding, a negative inference should arise from the
agency's failure to produce documents shown to have been in its
possession that the documents would have been exculpatory. This
is similar to the well-established adverse inference rule,
present "when the following factors are present: (1) it appears
that the documentary evidence exists or existed; (2) the
suppressing party has possession or control of the evidence; (3)
the evidence is available to the suppressing party, but not to
the party seeking production; (4) it appears that there has been
actual suppression or withholding of evidence.") (citations
omitted). *Leonard v. Coolidge (In re National Audit Defense
Network), 367 B.R. 207, 217-18 (Bankr. D. Nev. 2007), citing
Commercial Ins. Co. of Newark, New Jersey v. Gonzalez*, 512 F.2d

1307, 1314 (1st Cir. 1975) ("It is elementary that if a party has evidence, here, allegedly, a document, in its control and fails to produce it, an inference may be warranted that the document would have been unfavorable."); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 658-59 (11th Cir. 1988)  ("[I]f a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable,'" *quoting Graves v. United States*, 150 U.S. 118, 121 (1893).

28.  The BOP possessed records showing that I did not commit Prohibited Act 110. Those records showed that my compliance was within the allotted time, that it was complete compliance, and that the specimen I provided was tested and contained no prohibited substances. The DHO refused to order those records produced or to consider the evidence they contained. That decision violated my due process rights.

### Conclusion

29.  I am entitled to have a decision rendered that is based on reliable evidence, one that was based on the evidence I requested be adduced that showed the offense of which I was convicted never happened. I was denied this and thus denied my procedural due process rights.

30.  The Incident Report and DHO Report should be vacated.

1     WHEREFORE, good cause having been shown, my petition for

2   writ of habeas corpus should be granted. The statements of fact

3   made herein are true, under penalty of perjury.

4

5

6   Executed May 21, 2024                    _____

7                                            Todd E. Macaluso
                                             Reg. No. 44470-298
8                                            FCI Lompoc II
                                             3901 Klein Boulevard
9                                            Lompoc, California 93436

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually signed original of the foregoing *Petition for Writ of Habeas Corpus* by first class mail, postage prepaid, to the following:

> Office of the Clerk
> United States District Court for
>     the Central District of California
> 350 W 1st Street, Suite 4311
> Los Angeles, CA 90012-4565

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

> Civil Process Clerk
> United States Attorney's Office
> Central District of California
> 300 North Los Angeles Street, Ste 7516
> Los Angeles, California 90012

The foregoing statements are true under penalty of perjury.

Executed May 21, 2024

Todd Macaluso

